Good morning, Your Honor. May it please the Court, Gary Ehrman on behalf of Petitioner. Could you keep your voice up, please? Yes, sir. Thank you. Perhaps if you lift the mic a little bit, that'll help you. Thank you. There we go. Okay. Your Honor, we believe that the BIA erred in denying the Petitioner's motion to reopen on three separate issues. The first, the BIA denied the Petitioner's motion to reopen, stating that reliance on an attorney to file a change of venue does not excuse an alien from appearing at a scheduled hearing. This quite simply is not what was alleged in Petitioner's motion to reopen. Rather, the Petitioner alleged that he relied upon the instructions from his prior counsel to not appear at his hearing because she had filed the change of venue. Yeah. There's specific advice, you do not need to appear. That's correct. And then he was held excludable in absentia. Let me ask you this, though. There's a long history of, I think this is the third motion to reopen. That's correct. And some delays and so on. The first two motions to reopen were denied, at least in part, based upon delays. This last motion to reopen was denied in part based upon delay, but BIA denies this motion to reopen with respect to the IAC claim on the merits. That's correct. Does that mean that we address this claim on the merits, and if we disagree with the BIA on the merits of the IAC claim, we reverse? Is that what goes on? Well, we believe, Your Honor, that the BIA abused their discretion, and because their decision was contrary to established law. This Court in Lopez in 1990 ---- My question is a little more pointed than that. Given the basis on which the BIA, on this third motion to reopen, denied the IAC claim, that is to say, straightforwardly on the merits, without regard to any prior delay, can we, with respect to this particular issue, do we simply address that issue on the merits without regard to delays? Yes, that's correct, Your Honor, because the BIA denied the claim improperly, stating that an ineffective assistance of counsel claim does not equate to a reasonable cause when the ineffective assistance of counsel claim is based upon failure to appear at a hearing when a change of venue is filed. That is not what the Petitioner claims. The Petitioner is relying upon the improper instructions by his prior counsel to not appear, as opposed to the BIA's decision which said that we are denying this case because simply filing a change of venue is not enough. No, I take that point, yes. Let me then try to untangle the delay issue, which is not so easy to do. So we've got three attorneys here, and it's attorney number one that primarily messed up. Attorney number two, however, once hired, there's some delay in the filing. And then attorney number three doesn't argue that there's ineffective assistance of counsel by attorney number two. So I'm left then with attorney number two, who went back on round two of attorney number two and satisfied Lozada. Right. But then the question was, did that attorney unreasonably delay in doing all of this? So with that preface, has the BIA decided, undue delay with attorney number two, and if not, what has been decided on undue delay? Well, I believe, if we look at the record, what has happened is after the Petitioner retained attorney number two, attorney number two contacted the chief counsel's office and attempted to file a joint motion to reopen, which in and of itself is proper procedure. One is not required to immediately file an ineffective assistance of counsel claim against a prior attorney if there are alternative means to reopening a case. And the attorney number two attempted to file a joint motion or did file a joint motion with the chief counsel's office requesting that the case be reopened based upon the ineffective assistance of counsel. The chief counsel's office denied the claim. Now, the attorney number two did wait several months after that joint motion was reopened based upon ineffective assistance of counsel claim. Kagan. Did he wait nine months? Correct. Now, the question is, why did he do that? I don't have the answer to that. But he did file a motion to reopen based upon ineffective assistance of counsel claim. That was denied, as the Court has indicated, because he did not comply with Lozado. So the second motion to reopen, which was filed a few months after that first motion to reopen, did comply with Lozado effectively by trying to contact the attorney by sending a notice to the disciplinary committee. Therefore, the delay between the first motion and the second motion to reopen really shouldn't be the focus of the claim because the — there is no time or numerical limitations when filing an ineffective assistance of counsel claim in an exclusion hearing based upon an absential order. So the attorney number two did comply with Lozado and filed the proper supporting documents to support his ineffective assistance of counsel claim. Is it your view that Lozado had been complied with at the time attorney number two files the second motion to reopen? I would say that he effectively complied with the — with the claim by attempting to contact the attorney by sending a letter and then sending a notice to the disciplinary committee. Has anything further, after the BIA denies the second motion to reopen, has anything further been done by attorney number three, that is to say you, to comply with matter of Lozado? No, there has not, Your Honor. And that's because we believe that the second motion to reopen did comply with Lozado. There was nothing further to do. And then the board's decision really was not based upon failing to comply with Lozado in the second motion to reopen. It was, why did they wait, the attorney number two, and wait nine months? That's my problem that — I mean, I'm struggling with this. I don't have — even in my own mind at this point, I don't have an answer to it. It looks as though the BIA, the second time around, with respect to attorney number three, with respect to attorney number two, denies the motion to reopen that had been made on ground of ineffective assistance of counsel, not because Lozado had not been complied with, but rather because there had been a delay. Motion number three, the one brought by you, they don't deny IAC based upon delay. They deny it on the merits. And I'm trying to figure out, does the ground for denying IAC for motion number two carry over into motion number three, even though that's not the ground they give when they deny motion number three? I believe in these proceedings it should not carry over, Your Honor, but because — simply because this is an exclusion proceeding based upon absentia. And 8C of our 1003 — 10032C states that there are no time or numerical limitations upon a motion to reopen based upon ineffective assistance of counsel. So therefore, we start from the beginning. But does that deny the board the power to deny as a matter of discretion because of delay? I understand that there's no statutory or regulatory bar, but does that mean that the BIA is also prevented from denying based on delay in such a case? No. I think they are permitted to deny where the delay is reasonable. But as this Court stated in the matter of CIVIC, C-E-K-I-C, 435 Fed 3rd, 167, it is So the question is, is nine months, a period of nine months, a lack of due diligence by the alien if we have to focus on that nine months' delay? But that — that order is not — not in front of us directly. That is to say, that's the second denial, and that's not been appealed. That's right. We've gotten appeal from the third.   If you look at that third motion to reopen, again, I would reiterate that the board incorrectly denied the case because they said that a relying-upon-a-change-of-venue request motion does not effectuate reasonable cause for failing to appear. And that's not what was argued. You may want to save your remaining time for rebuttal. Thank you. I reserve. May it please the Court, my name is Helen Bruner. I'm an assistant United States attorney here to represent the Respondent, Alberto González. And this case, as the Court has already noted, presents some procedural and lengthy history for consideration. But there are three claims that were raised. And I guess I would start, since my opposing counsel started with the ineffective assistance of counsel claim on the third motion to reopen, and suggest to the Court that although there appears not to be a limit on how many times one can file a motion to reopen, in this instance, what we have is an individual who raises exactly the same claim. The first time the motion to reopen is filed, it's filed seven years after the in absentia or, actually, eight years. I take that back. Eight years after the in absentia order was entered. He clearly was on notice that at that point, by the entry of the in absentia order, that there was a problem with the information that his first lawyer gave. When was the first denial on the merits, not motion to reopen? Pardon me, Your Honor. When was the first BIA decision on the merits? Not first BIA denial of motion to reopen, but when was the first decision of the BIA on the merits? On the merits, Your Honor, in November of 2000. So he's out in 1994, they issued the order, and then he appeals that. He appeals. And then it goes through the process. So it's like six years before the BIA pops out a decision. Can we deny anything to the BIA based on their tardiness? Your Honor, I don't think that's a reasonable delay by the BIA. I certainly wouldn't want to be here defending the delay. It's a fictitious remark, but you take my point that there are a lot of delays in this system. There are, Your Honor. If the BIA overturned his in absentia order, he wouldn't need to file his ineffective assistance of counsel, right? So he doesn't know, it's not even until 2000 that he has a problem. Well, that is, I guess my answer to that is both yes and no, Your Honor, to the extent that he realizes that now there's an in absentia order entered against him because his, I mean, assuming for the moment now he is telling us the truth, that his lawyer told him not to appear, then he, if he, if that had been brought to the BIA as part of the appeal, it would seem to me that that would have opened the matter a lot faster. But in any event But, of course, he was represented by Lawyer No. 1 during this period. That's correct. Who's the claimed ineffective person. So it seems to me for six years, there's not much he can do as it winds its way through the system. And then they miss the point to begin with. They think it's because the lawyer's changing venue as opposed to his claim that no, it's because the lawyer just told me not to show up. So, you know, here's the deal. The guy's like never gotten a hearing. And he's in this system with now Lawyer No. 3, the current lawyer. He's in this system and all he wanted was to be able to say, I was told not to show up, which is not preposterous given the cases that we see. I was told not to show up. All I want to do, and I want to tell you that's what happened, so I can have a hearing. Ironically, Your Honor, I agree that he has not yet had his hearing. The irony, the height of irony in this case is if he had a hearing, he probably wouldn't be here today. It's the delay that now has, quite frankly, given him a whole new claim that he would obviously be raising to the BIA if this Court remands. And actually, in my review of this case, I have to say that probably was the more troubling part of this for me than the fact that he had a his second lawyer didn't manage to follow Lozada, which it wasn't all that difficult. With his first motion to reopen, barely did it on his second. Quite frankly, sent to an old address, didn't really bother to send notice to counsel, trying to find counsel. And now we're in a third motion to reopen with a third lawyer raising the same ineffective assistance of counsel claim. That part, I think, that claim seems to me to be one that's less troubling, and that's why I'm making this argument. It certainly is. Sotomayor, aren't we concerned with what the BIA said with regard to the last order? I mean, that's what's on appeal before us. That's right. Back to all the various permutations. We're looking at what the BIA said in denying the motion to reopen. That's correct, Your Honor. And if one looks at that, the argument that counsel has made that ineffective assistance of counsel does not excuses his failure to appear for his hearing based on a change of venue motion, it seems to me this Court in Hernandez-Vivas, which is cited in our brief, has actually said that a filing a change of venue motion doesn't exclude it. So in that sense, it is correct that he did not, and it is the holding of this Court, that he was not excused from the appearance. But that still gives us the option of hearing. But that's not his claim. The problem is they misapprehended his claim for whatever reason. I guess the question is, it goes back to Judge Fletcher's question, is they made, the BIA made some holdings with respect to delay on lawyer number two. Right. But then they don't exactly bring those up in the current order, except by some elliptical reference to delay. So the question is, we're in this strange situation as a result of the Supreme Court. Do we know what they said? Do we have to send it back and say, what did you say? Well, Your Honor, I can only suggest that the elliptical reference was to the delay, but I have no better answer for the Court. And to suggest that I did would be no. In the third order, toward the end, there's a paragraph that speaks about delay. But as I read that third paragraph, it's referring to the three grounds to reopen for the third time. Exactly, Your Honor. And they deny the first ground, which is IAC, just straightforwardly on the merits, misapprehending the argument that had been made to them. They deny grounds two and three based on delay. And then we've got a paragraph that says for the aforementioned about delay, the only aforementioned about delay were grounds two and three. Well, that is, in fact, correct. I'm not going to go into that. I mean, that's just what it says, right? And we're stuck with what it says. Now we've got to figure out what to do with what it says. Well, Your Honor, I would, I guess, continue to assert here that the delay does not refer to the fact that you should be using that reference with respect to points two and three, there were also delays, and ironically, what seems not clear to me as to why it didn't occur, because these were exclusion proceedings, he could have filed for adjustment of status at any time with the district director. So there's a problem as he had lawyer number one. That seems to be his problem. And lawyer number two. But now he luckily has lawyer number three. But, yes. It's obviously not your fault that he had lawyer number one or lawyer number two. It's none of our faults, in a sense. On the other hand, what are we supposed to do? And this is more a global question than this one. With a system that has so many lawyers, number one and number two, that misrepresent these people, end us up with these tangles years and years later. I mean, this is a mess. It's not of your making. But it's not of his making, either. It's his lawyers that did it. Well, and I do appreciate that, Your Honor. I certainly do. But I am here to try and defend the order of the BIA, as you know. And we appreciate that. We're just trying to kind of read between the lines what did the BIA mean. That's all. It's just a little, as you say, it says what it says. We're just not quite sure what that is. Well, to reiterate, Your Honor, I mean, obviously, it says what it says. And we can all guess at it. What we do know is that the history here is one where the BIA had consistently set delay. And it seems, I guess, somewhat ironic that someone can raise the same claim three times in terms of the ineffective assistance of counsel claim. It could have been perfected the first time. It was partially perfected the second time, although I think the BIA then treated it as perfected and then said, too late. And now we're here the third time, and they, for reasons that are not entirely clear in the record, make a finding that it didn't excuse his failure to appear. So what may well be their own frustration, I don't know, on this case. Well, I mean, it's understandable. I'm, as Judge Fletcher said, the reason I've taken to calling them Lawyer 1, 2, 3, and 4 is to try to procedurally get things in my mind. But I have on my desk a whole bundle of cases with Lawyer 1, 2, 3, 4. And it's not until some lawyer reads the statutes and figures out what went wrong that they try to remedy Lawyer 1, 2, and 3. So it's, you know, that's really part of the problem, as we all know, is the nature of the counsel often at the outset. But we are then, that's compounded by, of course, the BIA being under a lot of pressure case-wise. And like all of us, they're not always as precise in their wording when we look at it after the fact. So it's, you know, it's just a question of us trying to unravel it. And I appreciate your candor. And I truly do wish I had the ability to argue prejudice here, because at the end of the day, I think if this were an ineffective assistance counsel claim in a criminal case, I could show you no prejudice, but that's not appropriate under this law. Right. But, of course, that's exactly the point, is if this got to be argued or laid out, then those issues would come to the fore. You would then have the merits of the IAC claim. So let me ask just one other question. Is it now, are we starting to see a trend that the Attorney General is having the local U.S. Attorney's Office begin to argue more of these cases? Well, there was a, for the last two years, there was a program by which, in order to deal with the massive number of cases and the lack of resources in name of justice in the Office of Immigration Litigation, a number of the cases were sent to the U.S. Attorney's Offices, this being one of them. They were sent out in large numbers. I think our office now has handled about 70 of them. My understanding is that is going to change again, that they've now hired sufficient staff in the Office of Immigration Litigation to handle these cases. It's been an interesting experience learning something about immigration law that I had not dealt with before. But we appreciate your office's assistance. It has, they also were sending attorneys from the Department of Agriculture and the IRS who found themselves swimming compared to the U.S. attorneys who are more used to the type of issues that are here. So thank you. Thank you, Your Honor. We have a minute for rebuttal. Your Honor, I would be remiss to not address the second legal issue. I believe the BIA erred in deciding their case regarding the change of country conditions. The BIA stated, and I quote, the evidence could have been submitted prior to our last order in this case, end quote. This is simply the incorrect standard. HCFR 1003.2C32 requires evidence of change of country conditions that could not have been submitted at the applicant's hearing. So it would have been at the exclusion hearing in 1994 where this evidence could have been submitted. So the BIA erred on that level. Now, regarding ineffective assistance of counsel, I believe we've exhausted that argument. The Court is clear as to the legal error that the BIA made in their decision. And I would only say that the due diligence argument by the BIA is flawed because it is not the due diligence of the Petitioner here. It is the due diligence of prior counsel to address these issues that has caused us to be here before the Court on this motion to reopen. Thank you. And lastly, I just want to address the Court. Thank you. We have your points in mind. We appreciate your argument this morning. Thank you. McRoy v. Gonzalez is submitted. The next case for argument, McRoy v. Estrue.
judges: Hug, McKeown, W. Fletcher